IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

SAMUEL RICARDO HATCHER, JR., )
)
    Petitioner, )
v. ) Civil Action No. 3:10CV08–HEH
) Civil Action No. 3:12cv270
GENE M. JOHNSON, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Successive § 2254 Petition)

Samuel Ricardo Hatcher, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). On January 10, 2011, by Memorandum Opinion and Order, the Court dismissed Hatcher's claims and denied the § 2254 Petition. *Hatcher v. Johnson*, No. 3:10CV008–HEH, 2011 WL 102718, at *3 (E.D. Va. Jan. 10, 2011). Hatcher did not appeal. On December 31, 2012,[1] Hatcher submitted a "PETITION FOR TRANSPORT" requesting "that he be transported to show cause why the merits are crucial and need to be addressed in a swift ma[nn]er." (Pet. Transport 1.) Because this petition was filed after the twenty-eight day period for filing a motion pursuant to Federal Rule of Civil Procedure 59, the Court deems Hatcher's Petition for Transport as a motion pursuant to Federal Rule of Civil Procedure 60(b). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992); Fed R. Civ. P. 59(b), 60(b)(6).

---

[1] This is the date Hatcher swears he placed his petition in the prison mailing system and, thus, the date the Court deems the petition filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

The Fourth Circuit provides the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive habeas application:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted).

Hatcher's petition does not raise procedural defects in this Court's § 2254 review process. Rather, Hatcher continues to challenge his underlying conviction. The petition must, therefore, be treated as a successive § 2254 petition. *See id.* Accordingly, Hatcher's Petition for Transport (Dk. No. 18) will be dismissed for want of jurisdiction. Because it appears that Hatcher may be unaware of the Court's January 10, 2011 Memorandum Opinion and Order, the Clerk will be directed to send Hatcher a copy of those documents.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Hatcher fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion..

                                                    /s/
                                      HENRY E. HUDSON
Date: April 11, 2012          UNITED STATES DISTRICT JUDGE
Richmond, Virginia

3